IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

CHADLIN LEAVY, *et al.*

          Defendants.

Criminal No. 19-0160
Criminal No. 19-0163

ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Defendant Chadlin Leavy's motion for reconsideration (ECF 284) of the Court's Order denying of his prior motion for reduction of sentence pursuant to 18 USC §3582(c)(1)(A) for compassionate release. ECF 282 in case no. 19-cr-160, and ECF 337 in case no. 19-cr-0163.[1] The Government filed a response in opposition. ECF 286. The Court will DENY the motion for the reasons that follow.

**I. RELEVANT BACKGROUND**

Defendant pled guilty pursuant to a plea agreement with the Government to two counts of conspiracy to distribute illegal drugs – heroin and cocaine – in one case (case no. 19-cr-160), and simultaneously pled guilty to a lesser included offense of conspiracy to distribute another illegal drug – marijuana – in a second case (case no. 19-0163). At the time of the change of plea hearing. Defendant was sentenced on January 21, 2021, to a combined term of sixty months imprisonment and eight years of supervised release.

---

[1] The Court notes that Defendant did not file a motion for reconsideration in case number 19-163 and therefore, the docket entry numbers referenced throughout this Memorandum Order correspond to case number 19-160.

During his sentencing hearing, the Court sentenced Defendant to an aggregate of 60 months imprisonment and eight years of supervised release.  His term of imprisonment was below the guideline range, which suggested he serve 70-87 months imprisonment.  His release date is October 31, 2024.  See https://www.bop.gov/inmateloc/, last visited 4/12/2023.

Defendant filed a motion for compassionate release seeking a reduction in his 60-month term of imprisonment claiming that "if he was sentenced today, the two (2) level enhancement for possession of a weapon would be in applicable which constitutes 'extraordinary and compelling' reasons to grant [the] sentence reduction."  ECF 279.  The Government filed a response in opposition. ECF 281.

This Court denied Defendant's motion on the basis that Defendant failed to exhaust his administrative remedies.  ECF 282.  Specifically, this Court held that Defendant, who bore the burden of proof that exhausted all administrative remedies, failed to meet his burden.  In its Memorandum Order this Court explained that although Defendant requested the Warden at FCI Morgantown release him (ECF 281-1), the reasons Defendant gave the Warden differed from those presented to this Court.  ECF 282.

Defendant sought release from the Warden based on his belief that that he would receive time off his sentence if he participated in the RDAP program while incarcerated, and noted that despite his participation in the program, he had been informed that did not qualify for time off his sentence because of the nature of his crimes.  Id.  Unlike the request presented to the Warden, Defendant sought release from this Court suggesting that if this Court would revisit the two-level offense level enhancement for possessing a firearm assigned during the sentencing phase, the Court would determine that the enhancement was not applicable.

Although no binding precedent has, to date, been handed down by the United States Court of Appeals for the Third Circuit, this Court looked to other District Courts within the Third Circuit for guidance. Citing *United States v. Briston*, No. CR 05-321, 2022 WL 5109085, at *3 (W.D. Pa. Oct. 5, 2022) (holding that the BOP must "be given the opportunity to consider the same request made to the court."), and *United States v. McNair*, 481 F. Supp. 3d 362, 368 (D.N.J. 2020) ("Permitting inmates to bypass that requirement by presenting one reason for relief to the BOP and another to the Court would create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request."), this Court denied Defendant's request. Id.

**II. STANDARD OF REVIEW**

Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for the United States District Court for the Western District of Pennsylvania provide for a "motion to reconsider" a dispositive ruling in the criminal context. Nevertheless, this Court understands that it has the inherent authority to revisit its own ruling if it is shown to be wrong. Indeed, the Supreme Court noted the "wisdom of giving the district courts the opportunity promptly to correct their own alleged errors." *United States v. Dees,* 2013 WL 3756437 (W. D. Pa. 2013)(unreported) (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)). A motion for reconsideration such as the one filed by Defendant, here, may be filed in a criminal case. *United States v. Fiorelli,* 337 F.3d 282, 286 (3d Cir. 2003).

A judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made

3

its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Dees* (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

### III. ANALYSIS

As noted above, Defendant, who is seeking this Court's reconsideration of its decision to deny Defendant compassionate release, has indicated in his Motion that believes this Court must correct a clear error of law or fact to prevent manifest injustice. To this end, Defendant acknowledges that this Court relied on other district opinions within the Third Circuit (namely *Briston* and *McNair, supra*), but nevertheless, contends that this Court should ruled differently based on a contrary decision reached within the Third Circuit as well as decisions reached in the United States District Courts in Iowa and the Sothern District of New York. See, *i.e. United States v. McDonald*, No. CR 09-656, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (Court disagreed with Government argument that Defendant failed to exhaust his administrative remedies because his submission for compassionate release did not address the COVID-19 concerns that were placed before the Court.). However, this Court notes that the facts of the *McDonald* case were such that Defendant's administrative requests were made in 2016 and 2019, prior to the COVID-19 pandemic. Conversely, the factors Defendant argued before this Court were known to him at the time he sought relief from the Warden. Thus, this Court does not find *McDonald* as persuasive as the decisions reached in *Briston* and *McNair*.

Furthermore, this Court was not and is not bound by *Briston, McNair,* or *McDonald.* See, *i.e., Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pennsylvania*, 863 F.3d 245, 257 (3d Cir. 2017) ("[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case").

4

However, this Court found the decisions reached in *Briston* and *McNair* to be both instructive and persuasive and therefore referenced them in its prior Memorandum Order.

Next, Defendant contends that the Court must correct a clear error of law to prevent manifest injustice because, under statutory interpretation rules, the Court's prior decision ([ECF 282](#)) denying Defendant compassionate relief because he failed to exhaust his administrative remedies because the Sentencing Commission has not issued a regulation requiring such an exhaustion. However, as explained by the United States Court of Appeals for the Third Circuit with respect to its own Defendant:

> . . . Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: BOP has not had thirty days to consider Raia's request to move for compassionate release on his behalf, and there has been no adverse decision by BOP for Raia to administratively exhaust within that time period (as such, we need not address administrative appeals here). Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The exhaustion requirement is set forth in the statute itself. 18 U.S.C.A. § 3582(c)(1)(A) ("the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . .").

**IV. CONCLUSION**

Based upon the foregoing law and authority, the Court will deny Defendant's Motion for Reconsideration of the Court's denial of his Motion for Reduction of Sentence for Compassionate Release due to his failure to exhaust his administrative remedies.

AND NOW this 13th day of April 2023, the Court **DENIES** Defendant's Motion for Reconsideration ([ECF 284](#)) of its Memorandum Order ([ECF 282](#)) denying Defendant's Motion for Reduction of Sentence Pursuant to Compassionate Release.

                                        s/ Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Court Judge

cc:    All ECF Registered Counsel of Record